

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

**Signed February 15, 2006**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES OF BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| Jorge L. Quintana, Sr., | § | Case No. 05-42417-DML-13 |
| | § | |
| Debtor. | § | |
| | § | |

### MEMORANDUM OPINION

Before the court is the motion for recusal (the "Motion")[1] filed by Jorge L.

Quintana, Sr. ("Debtor"). The court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157(b) and 1334(a).

---

[1]  The Motion is in the form of a letter addressed to the court, which Debtor filed with the clerk of the court and which was entered on January 30, 2006. The penultimate paragraph of Debtor's letter reads as follows:

> Is [sic] the Court's [sic] cannot comply with its judicial responsabilities [sic] and comply with the proper form of the Debtor's request please I respectfully request to this Court's [sic] to do his own motions to transfer this case to another justice that comply [sic] with the Rules and responsabilities [sic] of the Bankruptcy Law and Proceedings on this case as well the pending mandates motions of the Debtor's [sic].

As this excerpt shows, Debtor's poor command of the English language makes it difficult for the court to construe his pleadings. However, the court infers from this language that Debtor intends the letter to be a motion for recusal and will treat it as such.

## I.  Background

Debtor originally filed this bankruptcy case in the state of New York on April 26, 2004.  On February 15, 2005, the Hon. Stephen D. Gerling, United States Bankruptcy Judge for the Northern District of New York, entered an order granting Debtor's motion to transfer this case to the Northern District of Texas.

On December 22, 2005, the court heard Debtor's Motion to Vacate [sic] American General Home Equity, Inc. [sic] Proof of Claim and Judgment Lien (the "AG Motion") and his Motion for [sic] Enforce [sic] Automatic Stay and Sanctions to [sic] NBT Bank, N.A., et al. (the "NBT Motion").  At the conclusion of the hearing, the court (1) ruled in favor of Debtor with regard to the NBT Motion, finding that NBT Bank, N.A. ("NBT") and its counsel Peter Hobaica had willfully violated the automatic stay,[2] and (2) denied the AG Motion with prejudice, holding that American General Home Equity, Inc. ("American General") held a valid lien against Debtor's property located at 23 Railroad Ave., Stamford, New York (the "Property").  On January 16, 2006, Debtor filed a motion for reconsideration of the court's denial of the AG Motion under Rule 9023 or 9024 of the Federal Rules of Bankruptcy Procedure,[3] which the court denied.  *See* Memorandum

---

[2]     As sanctions the court disallowed all of NBT's claims against Debtor and ordered NBT to pay $3000.00 into the registry of the court to be distributed by further order either directly to Debtor or for his benefit.  *See* Order and Final Judgment entered on December 28, 2005 [Docket No. 63].  At the close of the December 22, 2005, hearing, the court, concerned about the inefficient handling of Debtor's bankruptcy case to date, strongly suggested that because of Debtor's poor command of both bankruptcy law and the English language he should use the money awarded as sanctions to help him procure legal counsel.  To the court's knowledge, Debtor has not attempted to obtain legal counsel since that time, and the court recently signed an order directing payment of the $3000 to the chapter 13 trustee for application toward Debtor's obligations under his plan.

[3]     Debtor actually brought the motion under FED. R. BANKR. P. 8015; however, as this rule applies only to the rehearing of judgments of district courts (sitting as appellate courts) and bankruptcy appellate panels, it was inapplicable to the reconsideration of this court's order entered on January 9, 2006.  The court, therefore, assumed that Debtor intended to bring a motion to amend under FED. R. BANKR. P. 9023 or for relief under FED. R. BANKR. P. 9024 and treated the motion accordingly.

Order entered January 24, 2006 [Docket No. 72]. On January 30, 2006, apparently unhappy about the court's refusal to reconsider its denial of the AG Motion,[4] Debtor filed the Motion.

## II. Issue

Does 28 U.S.C. § 455(a) require the court's recusal from this case?[5]

## III. Discussion

Rule 5004(a) of the Federal Rules of Bankruptcy Procedure states that the provisions of 28 U.S.C. § 455 shall govern the disqualification of a bankruptcy judge from a proceeding, contested matter or case. 28 U.S.C. § 455 reads in pertinent part:

> § 455. Disqualification of justice, judge, or magistrate
>
> (a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Disqualification under 28 U.S.C. § 455(a) is considered on the basis of objective criteria. *See* 12 MOORE'S FEDERAL PRACTICE § 63.20[4]. The standard to be applied is "whether a reasonable person with knowledge and understanding of all the relevant facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. Standing alone, a party's statement that he thinks a court may not be impartial, without more, does not constitute grounds for recusal. *See In re Computer Dynamics, Inc.*, 253 B.R. 693, 698 (E.D. Va. 2000), *aff'd* 2001 U.S. App. LEXIS 10576 (4th Cir. May 22,

---

[4]     *See* the first paragraph of the Motion.

[5]     The court acknowledges that additional grounds for recusal are set forth in 28 U.S.C. § 455(b); however, these grounds relate to situations in which the judge has personal knowledge of disputed facts (e.g., the judge previously served as a lawyer in the case); the judge has a personal bias or prejudice against one of the parties; or the judge or a close relative has a financial interest in the outcome of the case. None of these situations is present here, and Debtor did not assert any such grounds as the basis for the Motion. Therefore, the court will only consider whether 28 U.S.C. § 455(a) requires the court's disqualification.

2001); *Bradley v. School Bd. of City of Richmond*, 324 F. Supp. 439, 448 (E.D. Va. 1971).

  As far as the court can tell, Debtor brought the Motion on the sole ground that he believes that the court should have determined that American General does not hold a valid lien against the Property.  Prior to the filing of Debtor's bankruptcy case, American General obtained a judgment in Delaware County [New York] Supreme Court in the amount of $59,410.71.[6]  The judgment was duly docketed with the county clerk, which created a judgment lien against the Property in favor of American General.  *See* N.Y. C.P.L.R. § 5203(a).  Since it is a state court judgment that gives rise to American General's lien, Debtor's assertion that American General's claim is unsecured amounts to a collateral attack on the validity of that judgment.  Under the Rooker-Feldman doctrine,[7] this court does not have subject matter jurisdiction to hear such a collateral attack.  *See In re Lemonds*, 222 F.3d 488, 492 (8th Cir. 2000) (the doctrine forbids not only direct appeals but also indirect attempts by federal parties to undermine state court decisions); *accord In re Brazelton Cedar Rapids Group LC*, 264 B.R. 195, 198 (Bankr. N.D. Iowa 2001); *see also In re Ferren*, 227 B.R. 279, 282 (B.A.P. 8th Cir. 1998), *aff'd*, 203 F.3d 559 (8th Cir. 2000) (per curiam) (court may raise the issue of subject matter jurisdiction *sua sponte*).  Therefore, the court, bound to give full faith and credit to the Delaware County Supreme Court judgment, cannot determine American General's claim to be unsecured.

---

[6]  For a more complete discussion of the events leading up to and surrounding American General's being awarded this judgment, *see* this court's Memorandum Order entered January 24, 2006 [Docket No. 72].

[7]  The Rooker-Feldman doctrine essentially states that lower federal courts do not have subject matter jurisdiction to entertain *de facto* appeals of state court judgments.  The doctrine is derived from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Moreover, Debtor's sole basis for bringing the Motion was that he disagreed with a ruling of the court; however, incorrect rulings generally are not valid grounds for disqualification under § 455(a). *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute grounds for a bias or partiality motion"); *In Matter of Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994); *In re Bennett*, 283 B.R. 308, 322 (B.A.P. 10th Cir. 2002). A party's proper avenue of redress for an incorrect ruling is through an appeal, not a motion for recusal. *See Huntington Commons*, 21 F.3d at 158.

### IV.  Conclusion

Since the Motion does not present any valid grounds for disqualification under 28 U.S.C. § 455(a), the court will not recuse itself from Debtor's case. *See United States v. Glick*, 946 F.2d 335, 336 (4th Cir. 1991) (it is improper for judge to recuse himself where there is no reasonable basis for questioning his impartiality); *In re Computer Dynamics, Inc.* 253 B.R. at 698 (court has an obligation not to recuse if there are no grounds for disqualification). Accordingly, the Motion is hereby DENIED.

#### END OF ORDER ####