U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

TAWANA C. MARSHALL, CLERK

IN THE UNITED STATES OF BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| Jorge L. Quintana, Sr., | § | Case No. 05-42417-DML-13 |
| | § | |
| Debtor. | § | |
| | § | |

## MEMORANDUM ORDER

Jorge L. Quintana, Sr. ("Debtor") originally filed his petition commencing the above-styled bankruptcy case in the state of New York on April 26, 2004. On February 15, 2005, the Hon. Stephen D. Gerling, United States Bankruptcy Judge for the Northern District of New York, entered an order granting Debtor's motion to transfer this case to the Northern District of Texas.[1]

Throughout this case Debtor has contested American General Home Equity, Inc.'s ("American General") status as a secured creditor. On June 26, 2005, Debtor filed his Motion to Vacate [sic] American General Home Equity, Inc. [sic] Proof of Claim and Judgment Lien (the "Motion to Vacate"). On December 12, 2005, Debtor filed his Motion for [sic] Enforce Automatic Stay and Sanctions against American General Home Equity, Inc. d/b/a MorEquity, Inc. on [sic] Violation of § 362 (the "Motion for Sanctions").[2] At a hearing held on December 22, 2005, the court considered both the

---

[1] As Debtor apparently continues to reside in the Northern District of New York, the court is unclear as to why Debtor's transfer motion was granted. However, the court's duty is to adjudicate those cases properly before it. Even if Judge Gerling's grounds for ordering transfer of venue were subject to question, his order was not appealed, and this court therefore properly exercises its jurisdiction in this case.

[2] In a letter to the court dated March 14, Debtor makes reference to a separate Motion for [sic] Enforce Automatic Stay and Sanctions to [sic] American General Home Equity, Inc. on [sic] Violation of § 362 (the "Phantom Motion"). However, the court's docket sheet contains no record

Motion to Vacate and Debtor's Motion for [sic] Enforce [sic] Automatic Stay and

Sanctions to [sic] NBT Bank, N.A., et al. (the "NBT Motion").[3]  At the conclusion of the

hearing, the court (1) ruled in favor of Debtor with respect to the NBT Motion, finding

that NBT Bank, N.A. ("NBT") and its counsel Peter Hobaica had willfully violated the

automatic stay,[4] and (2) denied the Motion to Vacate with prejudice, holding that

American General held a valid lien against Debtor's property located at 23 Railroad Ave.,

Stamford, New York (the "Property").  On January 16, 2006, Debtor filed a motion for

reconsideration of the court's denial of the Motion to Vacate under Rule 9023 or 9024 of

the Federal Rules of Bankruptcy Procedure (the "Motion to Reconsider"),[5] which the

court denied.  *See* Memorandum Order entered January 24, 2006 [Docket No. 72].

Following the denial of the Motion to Reconsider, Debtor filed a motion seeking the

court's recusal (the "Recusal Motion") on the ground that the court had wrongly denied

both the Motion to Vacate and the Motion to Reconsider.  Because, *inter alia*, it had

properly decided these motions, the court denied the Recusal Motion.[6]  Debtor appealed

---

of such a motion having been filed  Since the title of the Phantom Motion is nearly identical to that of the Motion for Sanctions, the court considers its treatment of the Motion for Sanctions as dispositive of the Phantom Motion (assuming it was indeed filed) as well.

[3]    Though it had already been filed, the court did not consider the Motion for Sanctions at this time. The record of the hearing indicates that Debtor intended the Motion for Sanctions to be heard in conjunction with the Motion to Vacate, but because the Motion for Sanctions was not set to be heard on December 22 by the calendar clerk, the court declined to consider it at that time.

[4]    As sanctions the court disallowed all of NBT's claims against Debtor and ordered NBT to pay $3000 00 into the registry of the court to be distributed by further order either directly to Debtor or for his benefit. *See* Order and Final Judgment entered on December 28, 2005 [Docket No. 63].

[5]    Debtor actually brought the Motion to Reconsider under FED. R. BANKR. P. 8015; however, as this rule applies only to the rehearing of judgments of district courts (sitting as appellate courts) and bankruptcy appellate panels, it was inapplicable to the reconsideration of this court's order entered on January 9, 2006  The court, therefore, assumed that Debtor intended to bring a motion to amend under FED. R. BANKR. P. 9023 or for relief under FED. R. BANKR. P. 9024 and treated the Motion to Reconsider accordingly.

[6]    Even assuming *arguendo* that the court erroneously denied the Motion to Vacate and the Motion

this court's rulings on both the Motion to Vacate and the Recusal Motion. These appeals are currently pending in the District Court.

In a letter to the court dated March 14, Debtor urges the court to rule on the Motion for Sanctions. The sole ground for sanctioning American General provided by Debtor in the Motion for Sanctions is that American General has and continues to assert improperly that it has a valid lien on the Property. However, in deciding the Motion to Vacate, the court has already held that American General does in fact hold a valid lien on the Property. *See* Order and Final Judgment dated December 28, 2005 [Docket No. 63]; Memorandum Order dated January 24, 2006 [Docket No. 72]; Memorandum Opinion dated February 15, 2006 [Docket No. 91]. Since Debtor brought the two motions on the same grounds, the court's ruling with respect to the Motion to Vacate is dispositive of the Motion for Sanctions. Accordingly, it is

ORDERED that the Motion for Sanctions be and hereby is DENIED.

Signed this _22_ day of March 2006.

_____
**D. MICHAEL LYNN**
**UNITED STATES BANKRUPTCY JUDGE**

---

to Reconsider, incorrect rulings do not constitute valid grounds for recusal under 28 U.S.C § 455(a). *See Liteky v United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute grounds for a bias or partiality motion"); *In Matter of Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994); *In re Bennett*, 283 B.R. 308, 322 (B.A.P. 10th Cir. 2002)