

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 12, 2006             **United States Bankruptcy Judge**

---

IN THE UNITED STATES OF BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re: | § § § |
| Jorge L. Quintana, Sr., | §   Case No. 05-42417-DML-13 |
| Debtor. | § § § |

## MEMORANDUM OPINION

Before the court is the Motion for Court Order Clarifying that American General's Claim is Allowed (the "Motion") filed by American General Home Equity, Inc. ("AGHE"). Debtor (sometimes referred to as "Quintana") filed a response to the Motion and supplemented the response by letter of September 5, 2006. The court considered the Motion at a hearing on September 5, 2006, and AGHE and Debtor (appearing *pro se* by telephone) argued at that time. Although the parties presented no evidence at the September 5 hearing, each appended a number of exhibits to the pleadings, and the court does not understand those exhibits to be of questionable authenticity. The court will also take notice of prior proceedings in this chapter 13 case.

This matter is subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(B). This memorandum opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052 and 9014.

Page 1 of 7

## I. Background

The Motion relates to an ongoing dispute between Debtor and AGHE respecting whether AGHE holds a lien on certain property owned by Debtor in Delaware County, New York (the "Property"). AGHE originally held a mortgage on the Property, but Quintana did not pay real estate taxes on it. At the sale of the Property to satisfy taxes, Quintana purchased the Property for the amount of the outstanding taxes, thus wiping out AGHE's mortgage. AGHE then sued Quintana on the underlying note in New York State Court. AGHE obtained a judgment against Quintana, which it then recorded in Delaware County, thus establishing a judgment lien on the Property.

On April 26, 2004, Quintana commenced this case under chapter 13 of the Bankruptcy Code (the "Code")[1] in the United States Bankruptcy Court for the Northern District of New York. In March of 2005, on motion of Debtor, the New York bankruptcy court transferred this case to this court. Apparently even before his case was transferred, Debtor sought relief from AGHE's judgment lien.[2]

In this court, on June 27, 2005, Debtor filed his Motion to Vacate American General Home Equity, Inc., Proof of Claim and Judgment Lien (the "Motion to Vacate"). On January 9, 2006, the court denied with prejudice the Motion to Vacate. Following denial by the court of a motion to reconsider, Debtor appealed the court's January 9 order to the District Court. On April 25, 2006, the District Court entered its Final Judgment dismissing Debtor's appeal. Debtor then appealed to the Court of Appeals for the Fifth

---

[1] 11 U.S.C. §§ 101 *et seq.*

[2] *See* orders of Hon. Stephen D. Gerling of June 14, 2004 and September 20, 2004, *In re Jorge Luis Quintana*, Case No. 04-62929. From the record available to this court it does not appear Judge Gerling reached the merits of the parties' dispute.

Circuit. Despite some confusion over the status of Debtor's appeal, according to a letter from the Clerk of the Court of Appeals to Debtor dated August 31, 2006, that appeal is presently pending.

Notwithstanding the foregoing proceedings and the pendency of his appeal, Debtor has filed further pleadings in which he asks that this court relieve him of the burden of AGHE's lien. The one now of concern to the court is Debtor's objection to AGHE's claim. AGHE filed no proof of claim (according to the claims docket), but on page 5 of Debtor's Objection to Claims, Debtor lists AGHE's claim for specific objection, apparently on the grounds that the claim should be unsecured.[3] By notice dated March 10, 2006 (but mailed March 9), the chapter 13 trustee transmitted to creditors, including AGHE, *inter alia*, Debtor's claim objections and advised of a prehearing conference and the date of any hearing before the court concerning them. The notice specified that a creditor had to respond to any objection and attend the prehearing

---

3  Debtor's objection was filed on a form provided by the chapter 13 trustee. The form is divided into two sections. The first deals with claims for which no proof was filed. The second ("Specific Objections") provides for completion as to each objection of seven columns: creditor name; class as filed; claim amount; allow/disallow; amount; class; reason. The last four columns are intended to summarize the objection. Respecting AGHE's claim Debtor did not complete columns 2 (class as filed), 4 (allow/disallow), or 5 (amount allowed). Besides identifying AGHE in column 1 (with the footnote quoted below), Debtor entered "$65,535.91" in column 3, "UNSEC" in column 6 and "11 USC § 1322(b)(2)" in column 7. Debtor also provides the following explanation in a footnote (the court reproduces the footnote exactly as written):

Debtor's principal residence are located at 1112 East Richmond Avenue, Fort Worth, Texas, American General Home Equity, Inc. had no mortgage or a lien on the principal real property pursuant to 11 U.S.C. § 1132(b)(2) and no mortgage on the Debtor's second real property. American General Home Equity, Inc. is a DISALLOWED and cannot "invoke § 1322(b)(2) protection as matter of law *pure* and *simple* — and if the words of § 1322(b)(2) mean what they plainly say, the rights of a creditor holding such a claim 'may' be modified by the debtors' Chapter 13 plan." *In re Lane*, 280 F. 3d at 668; Pending on the Court's are two unopposed motion pursuant to 11 U.S.C. § 362(a) that mandate discharged of American General Home Equity, Inc., pursuant to 11 U.S.C. § 1328

conference to avoid a default. AGHE did not file a timely[4] response or appear at the prehearing conference.[5]

However, the order submitted by the chapter 13 trustee respecting Debtor's objections did not track Debtor's objection to AGHE's claim. Rather, the order, entered by the court on July 18, 2006, lists AGHE's claim as disallowed because no proof of claim was filed. Moreover, Debtor's Amended Final Chapter 13 Plan provides for direct payment of AGHE's claim and denominates it as an unfiled claim, collateralized by real property in New York, that is "on appeal."

At the September 5 hearing, Debtor took the position that AGHE's claim has been disallowed. It is apparently Debtor's position that his claim objection effected elimination of AGHE's judgment lien. AGHE, by the Motion seeks to establish the continuing validity of its claim.

Debtor has also apparently provided the chapter 13 trustee with a pay-off of remaining amounts due under his plan. He now wishes to receive his discharge pursuant to Code § 1328(a). Discharge of Debtor will lead to the closing of this case.

## II.  Discussion

AGHE asks in the Motion that the court "enter an order clarifying that [AGHE's] claim is allowed." This the court cannot do. Because AGHE has no claim on file, it cannot have an allowed claim in Debtor's case. Section 502(a) of the Code provides that a "claim, proof of which is filed under section 501 . . . , is deemed allowed" unless

---

[4] AGHE eventually responded to Debtor's objection on April 28, 2006, prior to the court setting to consider Debtor's claim objections and plan.

[5] In the Motion AGHE asserts it had no notice of the objection to its claim and that the chapter 13 trustee's attorney (John D. Spicer) advised that AGHE need not appear at the prehearing conference. At the September 5 hearing, however, AGHE presented no evidence in support of these allegations.

objected to. Section 501(a) provides that a creditor "may file a proof of claim." Filing of claims in chapter 13 is governed by FED. R. BANKR. P. 3002. Rule 3002(c) requires that a claim, to be timely, must be filed within 90 days after the first date set for the creditors' meeting under Code § 341. While Rule 3002(a) specifies that only an "*unsecured* creditor . . . must file a proof of claim . . . for the claim . . . to be allowed" (Rule 3002(a); emphases added), case law indicates a secured creditor, to receive distributions from the trustee under a chapter 13 plan must also file a proof of claim. *See In re Hogan*, 346 B.R. 715 (Bankr. N.D. Tex. 2006); *In re Marcias*, 195 B.R. 659, 660-61 (Bankr. W.D. Tex. 1996) (concluding that Federal Rule of Bankruptcy Procedure 3021 "appears to mandate that the creditor may receive distributions out of the plan only if it holds an allowed claim").

This does not mean, however, that the effect of the order on Debtor's claim objections was elimination of AGHE's lien. In the first place, a secured creditor need not file a proof of claim to preserve its lien. *See Dewsnup v. Timm*, 502 U.S. 410, 417 (1992); *In re Taylor*, 132 F.3d 256, 260 (5th Cir. 1998); *In re Kleibrink*, 346 B.R. 734, 747 (Bankr. N.D. Tex. 2006).

In the second place, in order to satisfy due process requirements, an attack on a lien must be made by adversary proceeding. *See* FED. R. BANKR. P. 3007, 7001(2); *In re Dennis*, 286 B.R. 793, 795 (Bankr. W.D. Okla. 2002); *In re Chukes*, 305 B.R. 744 (Bankr. D. Dist. Col. 2004). While there is authority for treating a contested matter[6] as satisfying the requirements of due process (*see In re Cannonsburg Envtl. Assocs.,*

---

[6] A claim objection initiates a contested matter under Fed. R. Bankr. P. 9014. Advisory Committee Note (1983) to Rule 3007.

*Ltd.*, 72 F.3d 1260, 1264 (6th Cir. 1996); *In re Lernout & Hauspied Speech Prods.*, 264 B.R. 336, 340 (Bankr. D. Del. 2001)), the court could not so treat Debtor's claim objection. Certainly, even giving no credence to AGHE's assertions that it had no notice of the objection, the court could not find that the objection, notice and prehearing conference afforded AGHE due process of law. Particularly given that AGHE responded to the objection prior to the court's hearing on Debtor's plan and objections and before entry of any order sustaining the claim objection, it would be contrary to due process to hold AGHE's lien invalid on the basis of the objection. Moreover, the claim objection is not clear enough to put AGHE on notice of any basis for invalidation of its lien.

Third, the order respecting the objection to AGHE's claim does not purport to affect its lien. The order states, correctly, that AGHE did not file a proof of claim. By failing to do so, AGHE forfeited its right to recover against any deficiency in satisfaction of its judgment after realization on its collateral. *See In re Kreisler*, 331 B.R. 364, 385 (Bankr. N.D. Ill. 2005); *In re Richard Roberts Lexington Assoc., Ltd.*, 171 B.R. 546, 548 (Bankr. W.D. Va. 1994). However, the order has no impact on the validity or enforceability of AGHE's lien.

Fourth, the court's order presently on appeal to the Court of Appeals denied Debtor's prayer to invalidate AGHE's lien *with prejudice*. Thus Debtor, in the claim objection, sought relief precluded by the court's earlier decision, subject to the pending appeal. If Debtor prevails in his appeal, presumably that will resolve the issue in his favor. If he does not prevail, the question is *res judicata*. *See Aldridge v. U.S.*, Civil No. 7:06-CV-0050-R, slip op., 2006 WL 2423417, *3 (N.D. Tex. Aug. 22, 2006) (holding "[a]n order of dismissal with prejudice constitutes a final judgment 'on the merits' for

*res judicata* purposes"), (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990)).

For all these reasons, the court must hold that AGHE continues to have (subject to any ruling by the Court of Appeals) a valid lien on the Property. It is true there could be issues respecting AGHE's rights to receive payments under Debtor's plan (*see In re Hogan*, 346 B.R. 715) or to pursue its collateral during this chapter 13 case. (*See* Code § 362(c)). But these issues will be mooted by Debtor's imminent discharge, the effect of which will be to allow AGHE to pursue its remedies against its collateral under state law — though, of course, the discharge will protect Debtor from further personal liability on AGHE's judgment.

### III. Conclusion

For the reasons stated above, the Motion must be DENIED as to allowance of AGHE's claim; however, as "other and further relief to which [AGHE] may be justly entitled" (Motion, p.4), the Motion is GRANTED to the extent of determining that Debtor's claim objection and the order entered thereon have no effect on the validity or enforceability of AGHE's judgment lien.

Because the issues raised and disposed of in this opinion had previously been disposed of with prejudice and are the subject of a pending appeal, costs are taxed to Debtor. Should Debtor pursue the invalidation of AGHE's lien further, other than through his pending appeal, this court will consider such conduct presumptively violative of FED. R. BANKR. P. 9011.

It is so ORDERED.

### END OF ORDER ###